IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 11-cv-01773-RPM

JOAN MCINERNEY,

    Plaintiff,
v.

BRIAN MCLAUGHLIN and
DENNIS KING,

    Defendants.

_____

ORDER DENYING MOTION TO DISMISS BY DENNIS KING
_____

On November 1, 2011, the defendant Dennis King filed a motion to dismiss the plaintiff's complaint against him.  The plaintiff has responded and the defendant King replied.  The motion to dismiss appears to argue that the plaintiff's claim is barred by collateral estoppel as a result of proceedings in the Municipal Court, City of Golden, Colorado, and the Jefferson County District Court on appeal.  Copies of the orders are attached.  The municipal judge found that Officer King and Deputy Sheriff McLaughlin entered Ms. McInerney's house without any observable reasonable basis and therefore were in violation of her rights and liberty.  The judge said, "This illegal entry is so far removed from being justified as to warrant action that will discourage similar activity by law enforcement personnel."  To do so, the court dismissed with prejudice the charge of misdemeanor harassment in violation of the Golden Municipal Code.

On appeal, the district court reversed the order of dismissal, finding that the legal conclusions were not supported by sufficient evidence.  In doing so, the district court

made clear that the conduct in serving the summons had no bearing on the conduct for which Ms. McInerney was charged and therefore dismissal was not an appropriate remedy. The district court did not change the findings of fact made by the municipal judge. Accordingly, there is no proper claim of issue preclusion here.

The defendant King also asserts qualified immunity, contending that the entry was justified by circumstances giving rise to an entry for a "welfare check." It is clearly established law that a warrantless entry to a residence for the purpose of serving a summons is a violation of the protection afforded by the Fourth Amendment to the United States Constitution, applicable to the state under the Fourteenth Amendment. Whether a reasonably trained police officer under the circumstances would believe that the entry was justified for a welfare check is a matter that is factually disputed and cannot be determined on a motion to dismiss based on qualified immunity. Indeed, the stated justification of an emergency requiring police assistance is inconsistent with the admitted fact that Dennis King waited for 30 minutes until the arrival of the Sheriff Deputy McLaughlin.

It is now

ORDERED that the motion to dismiss filed by Dennis King is denied.

DATED: December 14, 2011

                                            BY THE COURT:

                                            s/Richard P. Matsch
                                            _____
                                            Richard P. Matsch, Senior Judge