IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 11-cv-01773-RPM

JOAN MCINERNEY,

 Plaintiff,
v.

DENNIS KING,

 Defendant.

_____

ORDER DENYING SUMMARY JUDGMENT
_____

  Dennis King is an employee of the Colorado School of Mines (CSM) as a part-time campus police officer with some law enforcement authority. On Sunday, July 26, 2009, at 7:40 a.m., he went to the residence of Joan McInerney at 5907 Dunraven Street in Golden, Colorado, to serve a summons for a municipal charge of harassment based on an incident that occurred at the CSM recreation center on July 12 2009.

  Upon arrival, he saw that two front windows of the house were open, one without a screen; a piece of window trim was hanging from another front window; the garage door was open; the front screen door was open, its retracting arm broken; the front door was open; and a laptop computer was sitting on the living room coffee table. He did not see any occupants in the house. After these observations, King called the Jefferson County Sheriff's Office for backup, drove two blocks away and continued watching McInerney's house. The residence appeared to be unoccupied from King's vantage point.

At 7:53 a.m. Jefferson County Deputy Sheriff Brian McLaughlin, a 25-year veteran, arrived at King's location, 58th and Crestone Streets. King and McLaughlin went to the front of the plaintiff's residence at 8:06 a.m. McLaughlin announced his presence several times in a loud voice. After about seven minutes of no response from inside, McLaughlin reported to police dispatch that he was entering the house to perform a welfare check.

With his firearm drawn, McLaughlin entered the house, followed by King who also had his weapon drawn. McLaughlin checked the living room and one bedroom, then found a closed door and again loudly announced his presence. When McLaughlin opened the door, he found Joan McInerney in her bed, awakened from sleep by the intrusion. She was partially dressed in a tank top and shorts. McLaughlin said that he was performing a welfare check. McInerney said she was not a crime victim, did not need medical assistance and was outraged by the intrusion. She refused to sign for the summons. King left it on a table and he and McLaughlin left after being inside the house for about 3 minutes.

McInerney filed this civil rights complaint for damages under 42 U.S.C. § 1983, claiming the warrantless entry into her residence violated the Fourth and Fourteenth Amendments to the United States Constitution. She sued both McLaughlin and King, but stipulated to the dismissal of McLaughlin. She now seeks summary judgment on King's liability.

The defendant King contends that the entry is justified by exigent circumstances, relying on the authority of police officers to make a welfare check. That argument is not

sustainable. Deputy McLaughlin violated the Fourth Amendment when he entered the plaintiff's front door and searched inside her residence. There would be no difficulty in granting summary judgment against him.

King's role in this intrusion is unclear. It appears that he followed McLaughlin in to provide back up for his safety. There is a legitimate question whether he has any responsibility for this entry and search if he simply followed the lead of an experienced peace officer and did not actively participate in the decision giving rise to the violation. Accordingly, it is

ORDERED that the plaintiff's motion for summary judgment is denied.

DATED: June 5th, 2013

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior Judge