IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 11-cv-01773-RPM

JOAN MCINERNEY,

      Plaintiff,

v.

DENNIS KING,

      Defendant.

_____

ORDER GRANTING SUMMARY JUDGMENT
_____

      In denying the Plaintiff's Motion for Summary Judgment by its order entered on June 5, 2013, this Court found that Joan McInerney's rights protected by the Fourth Amendment to the United States Constitution, made applicable by the Fourteenth Amendment, were violated by the warrantless entry into her residence and search of it by Jefferson County Sheriff's Deputy Brian McLaughlin on July 26, 2009.  The claim against Brian McLaughlin under 42 U.S.C. § 1983 made in the complaint filed in this civil action was dismissed pursuant to a stipulation on January 4, 2012.

      The Plaintiff's motion for summary judgment against Dennis King was denied because the record then before this Court did not support a finding that Dennis King had personal liability for that entry and search.

      Dennis King filed his motion for summary judgment on August 7, 2013, [43], with exhibits), the Plaintiff responded on September 13, 2013, [46], with exhibits, and the defendant replied on October 15, 2013, [49], with additional exhibits.

From the papers filed, the following statement of undisputed facts supplements those stated in the Order Denying Summary Judgment of June 5, 2013.

Officer King called the Sheriff's Office because the condition of the house suggested that some investigation should be done and it was doubtful that his authority as a part-time campus police officer extended beyond making service of a summons for a municipal code violation occurring on campus.

Deputy McLaughlin made an independent assessment of the scene after his arrival and he, alone, made the decision to enter the residence after seven minutes of attempting to obtain a response from any occupant.

The plaintiff seeks to hold Officer King liable on the legal theory that he was the proximate cause of the unlawful intrusion because by calling the Sheriff's Office he set in motion the series of events that resulted in a violation of her constitutionally protected privacy. The argument is not persuasive.

The undisputed facts here show that Officer King, upon observing the condition of Ms. McInerney's home from the exterior, believed that "the matter no longer concerned just serving a summons," [Doc. 43, Ex. A ¶9], and so, consistent with CSMPD policy, he called the Jefferson County Sheriff. The record does not suggest that Officer King's actions were unlawful or improper. Accordingly, no reasonable juror could conclude that Defendant King's call to the Jefferson County Sheriff's Office proximately caused Plaintiff's alleged constitutional injury.

The plaintiff also contends that Officer King is personally responsible because he failed to prevent Deputy McLaughlin from entering Ms. McInerney's residence. It

is doubtful that Section 1983 liability for a police officer's failure to intervene extends beyond cases where excessive force is being used.  Assuming the law does require it in this case, Officer King had no authority to direct the action of the Deputy Sheriff. Deputy McLaughlin had the police power and controlled the situation.

Finally, Plaintiff argues that King is personally responsible for the constitutional violation because he entered her "home voluntarily of his own free will." [Doc. 46 ¶9.]

Deputy McLaughlin drew his firearm when he entered the house.  Officer King followed him in, firearm drawn, and did not go beyond the living room.  Deputy McLaughlin checked the living room and one bedroom, then found a closed door and again announced his presence.  When the Deputy opened the door, he found Joan McInerney in her bed, awakened from sleep by the intrusion. She was partially dressed in a tank top and shorts.  Deputy McLaughlin said that he was performing a welfare check.  Ms. McInerney said she was not a crime victim, did not need medical assistance, and was outraged by the intrusion. Officer King told her he was serving her a summons; she refused to open it and he left the summons on the floor. Both officers left the house.  They were inside it for a about three minutes.

Officer King testified that he went into the house behind Deputy McLaughlin as a back up for his safety in an uncertain and potentially dangerous situation.  That is a decision that is consistent with common police practice and a jury could not find that it was objectively unreasonable.

The plaintiff has failed to produce any legal precedent that would support a finding that a reasonable police officer in Officer King's position would believe that his

following Deputy McLaughlin into the residence and standing behind him would violate the Fourth Amendment to the Constitution. The defendant did not personally participate in the unlawful entry and search and, at any rate, he is entitled to qualified immunity.

Upon the foregoing, it is

ORDERED, that the defendant's motion for summary judgment is granted. The Clerk shall enter judgment for the defendant, Dennis King, dismissing this civil action and awarding his costs.

DATED: November 8th , 2013

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch
Senior District Judge